# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:19-cr-208 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| FRANK MARTINEZ, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Frank Martinez, Jr. ("Martinez") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 37 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 46 (Opposition).) Though Martinez was afforded an opportunity and two extensions of time in which to file a reply, he failed to do so. (*See* Non-document Order, 3/23/2021; Non-document Order, 8/5/2021.) For the reasons that follow, Martinez's motion to vacate is DENIED.

## I. BACKGROUND

On April 2, 2019, the government filed a one-count indictment against Martinez charging him with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II). (Doc. No. 8.) Martinez was initially appointed counsel but eventually retained the services of attorney Edward R. LaRue, who represented Martinez through sentencing. (*See* Doc. No. 6 (Notice of Appearance).) With the assistance of counsel, Martinez filed a motion to suppress the evidence seized during a traffic stop on March 7, 2019. (Doc. No. 13.) On

September 11, 2019, the Court entered a memorandum opinion and order denying Martinez's suppression motion. (Doc. No. 28.) Following the Court's ruling on the suppression motion, the Court set the matter for trial.

On September 26, 2019, Martinez pled guilty, with the benefit of a plea agreement, to the charge in the indictment. (Minutes of Proceedings, 9/26/2019; Doc. No. 29 (Plea Agreement).) The plea agreement contained a broad waiver provision restricting Martinez's appellate rights including his right to take a direct appeal and a collateral attack of his sentence. With respect to the latter, the waiver provision generally precluded the filing of a "proceeding under 28 U.S.C. § 2255." (Doc. No. 29 ¶ 19.) Carved out of the waiver was the right to appeal: "(a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in [the plea] agreement, using the Criminal History Category found applicable by the Court; or (c) the Court's denial of [Martinez's] Motion to Suppress[.]" (*Id.*) The waiver further provided that "[n]othing in [the waiver] shall act as a bar to [Martinez] perfecting any legal remedies [Martinez] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id.*)

Martinez was sentenced on January 10, 2020. At the sentencing hearing, the Court determined that, based upon a total offense level of 30 and a criminal history category of II, the guideline imprisonment range would be 108 months to 135 months. However, because the mandatory minimum term required for convictions under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) was 120 months, which was greater than the minimum of the guideline range; the

2

Court determined that the applicable guideline range was 120 months to 135 months. (Doc. No. 41 (Transcript from Sentencing Hearing) at 3–5[1], 41.)[2] The Court accepted counsel's recommendation and sentenced Martinez to a term of imprisonment of 120 months, representing a sentence at the lowest end of the range. (Doc. No. 33 (Judgment); Minutes of Proceedings, 1/10/2020; Doc. No. 41 at 12–13.)

Martinez did not take a direct appeal from the Court's judgment. Instead, on December 21, 2020, Martinez filed the present motion to vacate. In his § 2255 motion, Martinez raises four grounds for relief: (1) counsel was ineffective for failing to obtain exculpatory evidence; (2) counsel was ineffective for failing to properly investigate; (3) counsel provided ineffective assistance at sentencing by incorrectly estimating his possible sentence; and (4) Martinez's guilty plea was involuntary. (Doc. No. 37 at 4–8.) The government insists that the fourth ground is barred by the waiver provision in the plea agreement and that the record does not support Martinez's three ineffective assistance of counsel claims.

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] At sentencing, the Court explained that even if the total offense level was reduced to 28 or 27 for acceptance of responsibility, the applicable guidelines range would still begin at 120 because of the mandatory minimum sentence required under the relevant statute. (*Id*. at 5.)

3

sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible'

and 'patently frivolous or false.'" *Caruthers v. United States*, No. 3:07-cr-0635, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United States*, No. 3:20-cv-00121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster,* 403 F.3d at 221–22). That is because "[t]he plea colloquy process exists in part to prevent defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers*, 170 F.3d 560, 560–66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all manner of constitutional claims if the result of the sentencing process was not as he had hoped." *Id.* at *7.

Accordingly "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . .

he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The allegations offered in support of the present motion are either contradicted by the record, conclusively waived, or amount to vague conclusions that fail to demonstrate that Martinez is entitled to relief from his judgment.

### III. DISCUSSION

#### A. Martinez's Involuntary Guilty Plea Claim is Waived

The government argues that Martinez is procedurally barred from pursuing his fourth ground for relief, challenging the voluntariness of his guilty plea, because he voluntarily forfeited this right pursuant to his plea agreement. (Doc. No. 46 at 9–11.) The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). As long as the appeal waiver agreement is made knowingly and voluntarily, courts will enforce the waiver. *See Morrison*, 852 F.3d at 490; *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Here, the record from the change of plea hearing is clear that the Court ensured that Martinez fully understood the terms of the waiver provision, including the rights he was

forfeiting by agreeing to it, and that he voluntarily entered into it. As is the Court's practice, the Court engaged Martinez in a Fed. R. Crim. P. 11 colloquy, wherein after placing Martinez under oath, the Court reviewed with him the plea agreement and the rights he was giving up by entering a guilty plea, including the appellate waiver provision, in order to insure that he understood those rights and that it was his intention to change his plea to guilty.[3] (Doc. No. 45 (Transcript of Change of Plea Hearing) at 8–12.)

The Court then proceeded to go through the plea agreement, paragraph by paragraph, to ensure that Martinez understood it. With respect to the waiver provision contained in ¶ 19, the Court reviewed that provision with Martinez and asked whether he understood it, to which he replied that he did. (*Id*. at 30–31.) The Court also inquired as to whether anyone had made any assurances, promises, or representations to him that were not contained in the plea agreement, to which he replied "No," and further asked him whether he had been coerced or forced to change his plea, to which he, again, replied "No." (*Id*. at 22, 37–38.)

The Court spent considerable time going over the likely penalties in this case and, in particular, the penal consequences of his plea. Turing to paragraphs 2 and 4 of the plea agreement, the Court went over the statutory penalties. (*Id*. at 12.) The Court discussed with Martinez at length the fact that the crime to which he was pleading guilty carried a statutory mandatory minimum sentence of 120 months. (*Id*. at 12–29.) In particular, the Court explained:

> Court: In other words, there is a mandatory minimum term of imprisonment of 10 years for this charge.

---

[3] The Court also asked Martinez if he had reviewed the plea agreement with counsel, and he was further asked if his signature appeared on page 10 of the plea agreement and if his initials appeared on each page of the agreement. Martinez answered "Yes" to all questions. (*Id*. at 6–7.) Martinez was asked if his initials and signature on the plea agreement indicated that he read each page of the plea agreement, that he understood the plea agreement, and that he agreed to the terms of the plea agreement. (*Id*. at 8.) He was also asked if he needed additional time to review the agreement or speak with counsel, and he answered these questions in the negative. (*Id*. at 7–8.)

Martinez: Yes.

Do you understand that?

Martinez: Yes.

(*Id*. at 12–13.) The Court then turned to paragraph 16 of the agreement, wherein Martinez and the government agreed that, because of the nature of the offense and the amount of drugs involved, the base offense level would be 30. (*Id*. at 21.) Counsel also agreed that Martinez's estimated criminal history category would be two (II). (*Id.* at 22.) Based on these estimations, the Court then had the following exchange with Martinez:

> Court: But you'll recall that the parties, at least at this stage, anticipate that your offense level, base offense level will be a 30, and that you may end up being a criminal history category of two. And if you look on the – on the sentencing table, that would indicate normally that you be within the range of 108 to 135 months' imprisonment.
>
> \*\*\*
>
> Court: Okay. But in this case there are a couple of things going on. One, there's a statutory minimum sentence of 10 years or 120 months. Do you understand that?
>
> Martinez: Yes.
>
> Court: So that automatically makes the – that range 120 to 135 months' imprisonment.
>
> \*\*\*
>
> Court: The lowest that the Court can sentence because of the statutory mandatory minimum sentence in this case is 120 months.
>
> Mr. LaRue: Right. Absolutely. And we've talked about that.
>
> Court: Do you understand that? So that would change –
>
> Martinez: So we're still at a level 30?
>
> Court: You're still at a level 30, correct.

>Martinez: Yeah.
>
>Court: Now, actually it applies to the reduced level as well. There's—because there is a statutory minimum sentence in this case, the Court cannot sentence below that. Do you understand that?
>
>Martinez: So—
>
>Court: So the minimum sentence that you can receive in this case is 120 months, so even if you go and we take off three levels to a 27—
>
>Martinez: Um-hmm.
>
>Court: --and say your criminal history category turns out to be a two—
>
>Martinez: I'm still at 120.
>
>Court: --you're still at 120, exactly.

(*Id.* at 23–26.) The Court concluded its colloquy regarding the penal consequences with the following exchange:

>Court: So a Guideline sentence could be 135 months or 120 months or anything in between. Do you understand that?
>
>Martinez: Yes.
>
>Court: Now, if you get the three points for acceptance, your Guideline sentence range, if you will, is 120 months, period. There's no –
>
>Defendant: Going up or going down.
>
>Court: Exactly.
>
>Defendant: 120 months.
>
>Court: It's 120 months. Now do you get it?
>
>Defendant: Yeah.

(*Id.* at 28–29.)

Additionally, the Court explored with Martinez the factual predicate for the crime charged—as set forth in paragraph 21 of the plea agreement—and confirmed that Martinez understood and agreed that the information contained in paragraph 21 was accurate (and that the government would be able to establish the stated facts beyond a reasonable doubt if the matter went to trial). (*Id.* at 32–35.) With respect to his counsel's representation, Martinez indicated that he had been given sufficient time in which to discuss all aspects of the case and his plea with counsel, and that he was satisfied with the representation of his counsel. (*Id.* at 37.) Thereafter, the Court asked if his plea was given freely and voluntarily and if it was being tendered because he was guilty of the charged offenses—knowing the possible consequences of his plea—and Martinez responded affirmatively. (*Id.* at 38–39; *see also id.* at 38 [Court: "And are you now certain that you still wish to enter a plea of guilty in this case, sir?"; Martinez: "Yes."].)

Based on the foregoing, it is evident that Martinez entered a voluntary and knowing guilty plea, after having been afforded sufficient time in which to consult with counsel, and fully cognizant of the rights he was waiving by changing his plea to guilty. Because Martinez tendered a knowing and voluntary guilty plea, the waiver provision in the plea agreement is enforceable, and the fourth ground for relief is waived

For many of the same reasons, if the Court did reach the merits of this claim, it would be denied. In his motion, Martinez maintains that his plea was involuntary "due to [his] lack of understanding of the significance of his plea and its voluntariness: the Court ran together a bunch of confusing questions to which [he] occasionally responded [] with a yes, not realizing what he was responding to." (Doc. No. 37 at 8.) Yet, these accusations are belied by the record at the plea hearing wherein the Court painstakingly went over Martinez in detail the consequences of his

10

guilty plea, including the 120 month statutory mandatory minimum, and to which Martinez indicated his understanding with much more than an occasional "Yes." Throughout the Court's colloquy with Martinez, the Court was able to confirm that Martinez both understood and appreciated the consequences of his plea, and his fourth ground for relief, therefore, is conclusively refuted by the record and without merit.

### B. Martinez was not Denied Effective Assistance of Counsel

Martinez grounds his remaining claims in the Sixth Amendment right to effective assistance of counsel. To make out a claim of ineffective assistance, a prisoner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *United States v. Hanley*, 906 F.2d 1116, 1120–21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987). To prevail on a claim of ineffectiveness, a prisoner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687–88; *see also Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). While Martinez does

not have to demonstrate that he would have prevailed at trial, a defendant alleging ineffective assistance of counsel in connection with his guilty plea must establish both deficient performance and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (quotation marks and citations omitted); *see Griffin v. United States*, 330 F.3d 733, 737 n.1 (6th Cir. 2003).

"Judicial scrutiny of counsel's performance must be highly deferential[.]" *Strickland*, 466 U.S. at 689. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Id*.

Again, immediately prior to accepting his guilty plea, the Court inquired as to whether Martinez was "fully satisfied with the legal services and advice provided to [him] by [his] attorney[.]" Martinez responded in the affirmative. (Doc. No. 45 at 37.) Martinez also signed the plea agreement and initialed each page including the page providing that he was "satisfied with the legal services and advice provided to me by my attorney." (Doc. No. 29 ¶ 26.) Notwithstanding these representations, Martinez now claims that his trial counsel rendered ineffective assistance prior to his entry of a guilty plea and at sentencing.

In ground three, Martinez alleges that "counsel was ineffective when he advised [him] to accept a plea offer when counsel incorrectly estimated the sentence due to counsel's ignorance of applicable law." (Doc. No. 37 at 7.) This allegation is directly refuted by the record at the plea hearing wherein counsel stated that he and Martinez discussed the 120 month statutory

mandatory minimum sentence that applied to this case. (Doc. No. 45 at 25.) Martinez acknowledged that he and his attorney discussed this and further discussed the fact that a three-level reduction for acceptance of responsibility would have no bearing on the mandatory minimum sentence that the Court was required to impose. (*Id*. at 25–27.) Because the record is clear that counsel did not incorrectly estimate the possible sentence in this case, Martinez cannot establish the first prong of the *Strickland* test.

Even if he could, his claim would fail on the second prong because the fact remains that Martinez repeatedly represented during the plea hearing that he understood that a 120 month mandatory minimum sentence applied in his case. (*Id*. at 12–13, 24, 25–27.) Additionally, both the plea agreement and the presentence investigation report ("PSR") stated that a minimum statutory period of 10 years (or 120 months) applied to convictions under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. No. 29 ¶ 2; Doc. No. 31 (PSR) ¶¶ 55–56.) Martinez admitted in open court that he reviewed both documents with counsel and understood the contents. (Doc. No. 41 at 2–3; Doc. No. 45 at 6–8.) Because the record is clear that Martinez was aware that he would have to be sentenced to a term of imprisonment of no less than 120 months—the sentence he actually received—he cannot demonstrate that he was prejudiced by *any* advice his counsel may have given him relative to the likely sentence he would receive. The third ground is denied.

In the first ground, Martinez alleges that counsel's performance was "inadequate because he did not obtain the exculpatory evidence that [Martinez] had advised him [] was key to [his] defense. And that he failed to properly investigate or to make a reasonable decision that make particular investigating [sic] unnecessary." (Doc. No. 37 at 4.) Continuing into the second ground, Martinez "contends that had Mr. LaRue conducted a thorough pre-trial investigating

13

[sic] instead of relying on the government's files to build his defense, and gotten the evidence that [Martinez] had requested that was exculpatory to his defense, then there would had [sic] been a different outcome to the proceeding[s]." (*Id*. at 5.) Because both grounds implicate a trial counsel's duty to investigate, they will be discussed together.

Defense counsel has a duty to conduct reasonable investigations or make a reasonable decision that investigations are unnecessary. *See Sims v. Livesay*, 970 F.2d 1575, 1580–81 (6th Cir. 1992) (citing *Strickland*, 466 U.S. at 691). "While the temptation to rely on hindsight is particularly strong in the context of ineffective assistance claims based on counsel's failure to investigate, the court must conclude that counsel's strategic choices made after less than complete investigation are not constitutionally deficient if a reasonable professional judgment supports the limitations on investigation." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001) (citing *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998)).

Martinez fails to identify the alleged exculpatory evidence he directed defense counsel to obtain and further fails to explain how this unknown and unidentified evidence was the "key to [his] defense", nor does he explain why "there would had been a different outcome" if counsel had managed to acquire it.[4] (Doc. No. 37 at 4–5.) *See Hill*, 474 U.S. at 59 (to prove prejudice, a defendant who pleaded guilty must demonstrate that, without the deficient representation, he would have insisted on going to trial). "Accordingly, [Martinez] has not established that the alleged missing exculpatory evidence prejudiced him in entering his guilty plea." *Cadavid-Yepes v. United States*, 635 F. App'x 291, 298 (6th Cir. 2016) (affirming district court's grant of § 2255

---

[4] The government does not concede that any such "exculpatory" evidence exists. (*See* Doc. No. 46 at 5 n.1.)

14

motion based on similar allegations of failure to investigate). Martinez's first and second grounds for relief are denied.

IV. CONCLUSION

For the foregoing reasons, Martinez's motion to vacate, set aside, or correct his sentence is DENIED. Further, the Court CERTIFIES that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 15, 2022

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**